UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| RAMON THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-484-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BAPTIST HEALTH MEDICAL GROUP, INC., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Ramon Thomas filed this action in Fayette Circuit Court, asserting claims under state and federal law. Because two federal questions were presented, Defendant Baptist Health Medical Group, Inc., ("Baptist Health") removed the action to this Court. *See* 28 U.S.C. § 1441(a). One week later, it moved to dismiss one of the two bases for this Court's subject matter jurisdiction. [Record No. 4] Rather than respond to the motion, Thomas filed an amended complaint removing *both* grounds for federal relief and a motion to remand the matter to state court. [Record Nos. 6, 7] Baptist Health responded by seeking to invoke the Court's discretion to retain jurisdiction over a matter after the resolution of a federal question. [Record No. 9] But explained below, the Court does not find a good reason to exercise that discretion in this case.

The details of Thomas' claims are not relevant to the disposition of the current motion. The claims themselves sought relief for: (1) age, sex, and race discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. St. § 344.040; (2) age discrimination in violation of the Age Discrimination and Employment Act, 29 U.S.C. § 621; and (3) age, sex, and race

discrimination in violation of Title VII of the United States Civil Rights Act, 42 U.S.C. § 2000e. [Record No. 1-1] As noted, two of these claims invoked this Court's jurisdiction. That is because district courts have original jurisdiction over actions arising under federal law. 28 U.S.C. § 1331. In relevant part, an action filed in state court alleging claims within this Court's original jurisdiction may be removed here, provided the action is pending within this Court's geographic jurisdiction. 28 U.S.C.§ 1441(a). And both parties contend that removal *was* proper.

However, Thomas has amended his complaint to seek relief exclusively under Kentucky law.[1] [*See* Record No. 6, p. 5.] This does not automatically deprive the Court of jurisdiction. Provided the Kentucky claim is "so related" to the federal claims "that [it] form[s] part of the same case or controversy," and neither party suggests it does not, the Court has supplemental jurisdiction over the remaining claim. 28 U.S.C. § 1367(a). But the Court is not required to exercise supplemental jurisdiction. It "may decline" if, for example, "all claims over which it has original jurisdiction," have been dismissed. 28 U.S.C. § 1367(c). Although that is the case here, Baptist Health seeks to invoke the Court's discretion to maintain authority over this action. [Record no. 9, p. 2]

To determine whether that discretion should be exercised, the Court must balance several interests. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 211 (6th Cir. 2004). The interests of "judicial economy, convenience, fairness, and comity" are relevant, as is the question of whether a party "has attempted to manipulate the forum." *Carnegie-Mellon Univ.*

---

[1] Thomas amended his complaint without leave of Court and as a matter of right under Rule 15 of the Federal Rules of Civil Procedure because he filed it within 21 days of Baptist Health's Rule 12(b) motion for partial dismissal. Fed. R. Civ. P 15(a)(1)(B); [Record No. 4].

*v. Cohill*, 484 U.S. 343, 350, 357 (1988).  Factors relevant to the proper balance between judicial economy and fairness include how long the action has been pending, the stage of the litigation, whether the federal claims were abandoned or dismissed, and whether other motions are pending.  *See Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1288 (6th Cir. 1992); *Harper*, 392 F.3d at 211.  Nevertheless, "[a]s a rule of thumb, . . . [w]hen all federal claims are dismissed *before trial*, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (emphasis added).

Here, Baptist Health urges the Court to retain jurisdiction to prevent forum manipulation.  [Record No. 9, p. 3]  It suggests that Thomas "amend[ed] his complaint solely for the purpose of securing what he perceives as a more favorable forum."  [*Id.* (citing Record No. 7)]  However, Thomas' motion to remand expresses a "preference for state court" not because it will be more favorable to him, but because Kentucky law provides remedies "just as, if not more, adequate as those available" under his abandoned federal claims.  [Record No. 7, p. 3]  Thus, he explains that he sees "no reason" to pursue the federal claims, and further, no reason to litigate in this Court.  [*Id.*]  Thus, the forum-manipulation concern does not weigh heavily in favor of retaining jurisdiction.

Baptist Health also suggests that abandoning federal claims post-removal is *per se* unfair.  [Record No. 9, pp. 3-4] It cites a case from the Western District of Michigan for the proposition that "[f]airness to Defendants requires that tactical manipulation by Plaintiffs not be allowed to bring about the remand of this case to state court." *Strickland v. Wells Fargo & Co.*, No. 1:16-CV-00109, 2016 WL 6127838, at *2 (W.D. Mich. July 26, 2016).  Even if this case were binding on the Court, it is not analogous to this matter.  In *Strickland*, the plaintiff's

state-court complaint contained one federal statutory claim and several state-law claims. *Id.* at *1. After removal, the plaintiff "filed an Amended Complaint *replacing* the federal racketeering claim with claims for fraud and rescission" under state law. *Id.* (emphasis added). Here, Thomas simply dropped the claims without replacing them with other claims. Moreover, remand was denied in *Strickland* for an additional reason: the parties were diverse and the requisite amount in controversy was met. *Id.* at *2-3; *see* 28 U.S.C. § 1332. Neither party suggests that the Court has an independent basis for retaining jurisdiction in this matter.

Despite Baptist Health's nearly exclusive reliance on alleged forum-manipulation, that is not the only interest for the Court to consider. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 953 (6th Cir. 2010) (finding no abuse of discretion where a district court remanded and action because "the only factor that weighed in favor of exercising supplemental jurisdiction was . . . forum manipulation"). Each of the remaining factors tips the balance in favor of a remand. For one thing, this matter has been pending for less than two months. The Court has yet to order the parties to confer pursuant to Rule 26(f), and Thomas submits that no discovery has taken place. Next, the Court has not issued any substantive rulings or gained any familiarity with the parties' claims. In other words, neither the parties nor the Court has expended significant resources such that a remand would be wasteful or inefficient. *Compare Taylor*, 973 F.2d at 1228 (finding no abuse of discretion where district court denied a motion to remand that "could have wasted judicial resources and resulted in additional delay"). And if the rule of thumb is triggered by dismissal of state claims before *trial*, then the interests are weigh heavily in favor of a remand before the Court even sets a trial date.

Accordingly, it is hereby

**ORDERED** as follows:

- 5 -

      1.      The defendant's motion for partial dismissal [Record No. 4] is **DENIED** as moot.

      2.      The plaintiff's motion to remand this action [Record No. 7] is **GRANTED**.

      3.      This action is **REMANDED** to Fayette Circuit Court and **STRICKEN** from the Court's docket.

Dated: January 22, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky